21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITES STATES OF AMERICA, Plaintiff-Appellee,
v.
Elaine CHAVEZ, Defendant-Appellant.
 No. 93-6114.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant entered a plea of guilty to a violation of 18 U.S.C.1952(a)(3), and was sentenced to forty-six months of imprisonment. At the sentencing hearing, her attorney requested that the judge consider a downward adjustment because Defendant was a "minimal participant" in the offense. The district judge denied the downward departure. On appeal, Defendant does not challenge this denial. Instead, Defendant argues that the district court erred in declining to grant a downward departure because she was a "minor participant" in the offense, which is a separate status from "minimal participant." We are not persuaded that the record supports Defendant's claim that she raised or that the district court considered this issue. If, as Defendant urges, the district court did consider the "minor participant" issue but found that she was not entitled to a downward departure on this point, the record does not support Defendant's assertion that such a finding was clearly erroneous.
 
 
 3
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470